PEYTON *v.* TUCKER, et al., TRUSTEES, ETC.

No. 40606　　　　January 13, 1958　　　　99 So. 2d 664

*Colbert Dudley, Lee, Moore & Countiss,* Jackson, for appellant.

*Leon L. Shelton,* Jackson, for appellees.

GILLESPIE, J.

Peyton, appellant here and plaintiff below, sued the Trustees of the True Light Baptist Church, appellees here and defendant below, on a sworn itemized account. Appellant alleged he had a contract with appellees to supervise the building of a church; that his compensation was to be $1.75 per hour; and demanded judgment for $3652, representing 2280 hours of work at $1.75 per hour, plus $100 paid out for appellees, less credits of $438.

Appellees did not file a counter affidavit particularizing wherein any item or items in appellant's itemized account was incorrect, but defended on the ground that appellant had no such alleged contract for supervision, and defended on the theory that at a certain stage of construction appellant entered into a contract with appellee to complete the church for the sum of $10,000; that appellant was paid the contract sum but failed to complete the church, and appellees had to pay out $681 in order to complete the church, and filed a counterclaim for that amount, less $195 which appellees admitted owing appellant.

The jury found for appellees on all issues and returned a verdict for appellees on their counterclaim for $486.

The evidence for appellant was to the effect that ap-

pellant worked on the church as supervisor of construction at various intervals from August 1949 until May 2, 1953, during which time he earned the sum of $3652 as stated above. The evidence for appellees was to the effect that as of October 2, 1952, appellees owed appellant the sum of $195 for labor, and at that time the church was partially completed; that appellees secured a loan of $10,000 and appellant orally contracted to complete the church for said sum of $10,000, and assured appellees that it was his, appellant's, responsibility to complete the church for that sum; that when the appellant completed spending the $10,000, he had not completed the church; that appellees were required to spend $681 to finish the church. Appellant denied he entered into the last metnioned contract to complete the church. The evidence was anything but clear, and the arrangements between appellant and appellees were very loose. But the evidence was sufficient to make a jury issue on the disputed facts.

 The first assignment of error raises the question whether, when the losing party moves for a new trial on the ground that a juror has been improperly influenced by talking to a third person during the trial, and information derogatory to one or both of the parties to the suit is thus obtained by the juror, who conveys the same to the other jurors, and the movant fails to sustain the charge except by tendering hearsay evidence in support thereof, is there a duty on the trial judge to make an independent investigation of the charges of improper influence.

The question developed in the following manner: Upon the hearing of the stated motion appellant offered the testimony of one of appellant's attorneys, who testified that he had talked to one of the jurors who told the witness facts substantially sustaining the allegations of the motion. On objection, this evidence was sustained as hearsay, and this, of course, was proper. The

person to whom the juror is alleged to have talked was under subpoena, but did not appear, and appellant did not request that he be attached and brought into court. So there was no competent proof on the charge of improper influence, and the court overruled the motion for a new trial.

 It seems to be the contention of appellant that due regard for the integrity of jury trials required the judge to make an independent investigation to determine if the jury had in fact been improperly influenced. While we cannot stress too strongly the duty of all officers of the court, including attorneys and the judge, to take all necessary steps to guard the jury against outside influences, and to investigate and report such fact when discovered, we cannot say that it is the duty of the trial judge to initiate investigation in a case like we have here. The adversary system under which we administer justice places the primary responsibility for such investigation and the production of the evidence on the attorney. The trial judge had a right to assume that since appellant's attorneys made the charge of improper influence in a motion for a new trial, that if the attorneys could not produce competent evidence to sustain the charge, it was not sustainable. The court should not have sustained the motion on suspicion, and could safely assume that appellant would have exhausted the processes of the court to bring forth competent evidence if it was available.

 The other assignment of error is predicated upon the theory that since no counter-affidavit was filed by appellees that certain of the evidence was inadmissible, and that certain instructions based on this theory should have been given appellant. We are of the opinion that the evidence offered by appellees, and objected to by appellant on the stated grounds, went to the question of liability rather than to the correctness of the various items of the account. We find no error in this regard.

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.